ACORN et al *v.* Dick JACKSON,
Mayor of Gurdon, et al

77-264                                    562 S.W. 2d 589

Opinion delivered March 13, 1978
(Division I)

*Steve Bachmann,* of *Bachmann & Kozinsky, P.A.,* for appellants.

*John H. Jackson,* Gurdon City. Atty., for appellees.

GEORGE ROSE SMITH, Justice. This action against the mayor and city council of the City of Gurdon was brought in the Pulaski County Circuit Court. This appeal is from an order quashing the service of summons, on the ground that the action must be brought in Clark County, where the City of Gurdon is situated. We affirm.

Three residents of Gurdon, all members of ACORN (Association of Community Organizations for Reform Now), and ACORN itself, brought the action as an appeal, under

the Freedom of Information Act, from the city's asserted denial of reasonable access to certain public records. The plaintiffs contend that under § 6 of that act they had the option of appealing either to the Pulaski Circuit Court or to the Clark Circuit Court. Ark. Stat. Ann. § 12-2806 (Repl. 1968). In quoting the pertinent part of that section of the statute we have ourselves divided it into subparagraphs to illustrate what we find to have been the legislative intention:

> Any citizen denied the rights granted to him by this Act may appeal immediately from such denial
>> to the Pulaski Circuit Court, or to the Circuit Court of the residence of the aggrieved party, if an agency of the State is involved, or
>> to any of the Circuit Courts of the appropriate judicial districts when an agency of a county, municipality, township or school district, or a private organization supported by or expending public funds is involved.

The appellants argue that the first five words in our first subparagraph, "to the Pulaski Circuit Court," should be treated as an independent and third subparagraph, so that all appeals, regardless of the agency involved, could be taken to Pulaski County. It is argued that such a broad interpretation is required by our rule that the Freedom of Information Act is to be liberally construed. *Laman* v. *McCord*, 245 Ark. 401, 432 S.W. 2d 753 (1968).

We adhere to our rule of liberal construction, but we do not think it should override what seems to us to have been the plain legislative intention. Most State agencies have their principal offices in Pulaski County and, by statute, must be sued there. Ark. Stat. Ann. § 27-603 (Repl. 1962). Hence, when there is a complaint against a State agency under the Freedom of Information Act, it is reasonable to permit the aggrieved person to appeal either to the Pulaski Circuit Court or to the corresponding court in the county of his own residence. The parties and their witnesses are apt to be found at one place or the other. On the other hand, when a city or other local agency is involved, it is equally reasonable to refer the aggrieved person to the circuit court in the local judicial district, where the parties and the witnesses are apt to reside.

We are not convinced that the legislature meant for the City of Gurdon, for example, to be suable in Pulaski County by citizens of Clark County with regard to their right to have access to records presumably kept at the city's own municipal headquarters in Clark County.

Affirmed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.